UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY ORR, individually, and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TRISTATE NOTE REPURCHASE GROUP LLC, d/b/a WINGATE BY WYNDHAM FISHKILL,<br><br>　　　　　Defendant. | Case No.: 7:22-cv-10070 |

**COLLECTIVE ACTION COMPLAINT**
**WITH JURY DEMAND**

COMES NOW Plaintiff Jeffrey Orr, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby brings this Collective Action Complaint against Defendant, Tristate Note Repurchase Group LLC, d/b/a Wingate by Wyndham Fishkill, and states and avers as follows:

**INTRODUCTION**

1.　This is a collective action brought by Plaintiff, Jeffrey Orr (hereinafter referred to as "Plaintiff"), individually and on behalf of all similarly situated hourly-paid hotel workers employed by Defendant, Tristate Note Repurchase Group LLC, d/b/a Wingate by Wyndham Fishkill (hereinafter referred to as "Tristate" and "Defendant"), arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law, §§ 650 *et seq.* and 190 *et seq.*, 12 NYCRR § 142-1.1 *et seq.*, and 12 NYCRR § 146, *et seq.* (collectively the "NYLL").

2.　Defendant Tristate Note Repurchase Group LLC does business as Wingate by Wyndham Fishkill, a hotel located at 20 Schuyler Boulevard, Fishkill, New York 12524.

1

3. Defendant operated a hotel, and was therefore subject to the hospitality Industry Wage Order (12 NYCRR 146).

4. Plaintiff, on behalf of himself and the other hourly-paid hotel workers, allege pursuant to the FLSA, that he is entitled to recover from the Defendant: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and postjudgment interest; and (4) attorneys' fees and costs.

5. Plaintiff complains on behalf of himself, pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendant: (1) unpaid wages (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

6. Defendant maintained a company-wide policy of paying hourly-paid employees for less than all the time recorded on their timesheets.

7. Plaintiff asserts the FLSA claims on behalf of the following putative FLSA collective pursuant to 29 U.S.C. § 216(b):

> *All hourly-paid hotel workers including, among others, front desk workers, assistant managers, housekeepers, etc., employed by Defendant at any time from three (3) years prior to the commencement of this action through the date of judgment.*

8. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid hotel workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

9. The FLSA collective seeks recovery of unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

2

10. Plaintiff seeks recovery of unpaid overtime and straight time wages, unpaid "spread of hours" premium compensation, liquidated damages, pre- and post- judgment interests, and attorneys' fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

12. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as the federal claims.

13. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

14. This Court has personal jurisdiction over Defendant because Defendant does business within the State of New York and maintains systematic and continuous contacts with the State of New York.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's asserted claims occurred in this district.

## PARTIES

16. Plaintiff Jeffrey Orr is a resident of Dutchess County, New York.

17. Plaintiff worked for Defendant as an hourly-paid front desk worker and assistant manager from approximately December 2014 through approximately December 2022.

18. Plaintiff's signed consent form to join this lawsuit is attached as ***Exhibit 1***.

19. Defendant operates a hotel based in Fishkill, New York.

20. Defendant's principal address is 20 Schuyler Boulevard, Fishkill, New York 12524.

## FACTUAL ALLEGATIONS

21. Defendant Tristate was an employer as defined under the FLSA and NYLL.

22. At all relevant times, Tristate operated a hotel, and was therefore subject to the Hospitality Industry Wage Order (12 NYCRR 146).

23. Defendant's annual sales exceed $500,000.

24. At all relevant times, Plaintiff was an employee of and was employed by Defendant under the FLSA and NYLL.

25. Plaintiff was employed by Defendant from approximately December 2014 to approximately December 2021.

26. Plaintiff was employed as an assistant manager and front desk worker.

27. Plaintiff's hourly base rate of pay was approximately $13.00 per hour.

28. Plaintiff regularly worked more than 40 hours per week.

29. By way of example, during the week of January 22, 2021, Plaintiff worked 49.57 hours.

30. Although Plaintiff worked 49.57 hours, he was paid for a total a total 40 hours at his base rate and for 9 hours at a rate of 1.5 times his base rate.

31. Accordingly, Defendant failed to pay Plaintiff for 0.57 hours worked in excess of forty (40) in a workweek.

32. Orr regularly worked a spread of hours that exceeded ten.

33. By way of example on Sunday, January 17, 2021, Plaintiff worked for 16.38 hours.

34. Orr was never paid spread of hours pay.

4

35. Plaintiff's and other hourly-paid hotel workers' job duties included managing the front desk and ordering supplies for the hotel.

36. Defendant has classified Plaintiff and the other hourly-paid hotel workers as hourly-paid, non-exempt employees, and has not guaranteed them a minimum weekly salary.

37. Plaintiff and the other hourly-paid hotel workers have regularly worked full-time schedules which regularly include hours in excess of forty (40) in a workweek.

38. Defendant has maintained a company-wide policy of paying hourly-paid employees for less than all the time recorded on their timesheets.

39. Defendant has maintained a company-wide policy of failing to pay spread of hours pay.

40. Defendant knew, or should have known, that Plaintiff and other hourly-paid production workers were entitled to pay for all hours worked and for spread of hours pay but failed to compensate them accordingly.

41. As a result, Plaintiff and other hourly-paid workers were not compensated for all time worked, including time in excess of forty (40) hours in a workweek and for spread of hours pay.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> *Any hourly-paid hotel workers including, among others, front desk workers, assistant managers, housekeepers, etc., employed by Defendant at any time from three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

43. With respect to the claims set herein, a collective action under the FLSA is

5

appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).

44. The employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

45. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues are the same for every FLSA Collective member, such as:

   a. Whether the FLSA Collective members worked more than forty (40) hours in any single workweek;

   b. Whether the FLSA Collective members were paid for all time recorded on their timesheets;

   c. Whether Defendant failed to pay FLSA Collective members overtime wages at a rate not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek; and

   d. Whether Defendant's violations of the FLSA were willful and/or in good faith.

46. Plaintiff estimates the FLSA Collective will include a substantial number of members, including both current and former employees over the relevant period. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## COUNT I
### 29 U.S.C. § 216(b) Collective Action
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME
### (Brought Individually and on a Collective Basis)

47. Plaintiff re-alleges and incorporates all previous paragraphs herein.

48. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

49. Defendant employed Plaintiff and the FLSA Collective members as hourly-paid, non-exempt workers.

50. At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

51. At all times relevant to this action, Defendant was and continues to be an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

52. At all times relevant to this action, Defendant was and continues to operate as an enterprise that has employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

53. Defendant knowingly "suffered or permitted" Plaintiff and hourly-paid, non-exempt workers to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

54. Defendant hired hourly-paid, non-exempt workers and determined the rate and method of the payment of their wages.

55. Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of hourly-paid, non-exempt workers.

56. Plaintiff and other FLSA Collective Members worked in excess of forty (40) hours in most workweeks.

57. Defendant failed to pay Plaintiff and other FLSA Collective members the federally

mandated rate of 1.5 times the regular rate of pay for all hours worked in excess of forty (40) in a workweek.

58. In workweeks when hotel workers worked forty (40) hours or more, they should have been paid at the federally mandated rate of 1.5 times of each employee's regular rate of pay, but were not.

59. Defendant's failure to pay hotel workers overtime wages was knowing and willful. Defendant knew that its policies resulted in Plaintiff and FLSA Collective members not being paid for all time recorded on their timesheets, and Defendant could have properly compensated them for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

60. Defendant's failure to pay hotel workers overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

61. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

62. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**COUNT II**
**Violations of the New York Labor Law**
**FAILURE TO PAY STRAIGHT TIME**
**FAILURE TO PAY OVERTIME**
**(Brought Individually)**

63. Plaintiff re-alleges and incorporates all previous paragraphs herein.

64. Defendant employed Plaintiff within the meaning of the NYLL.

65. Defendant paid Plaintiff on an hourly basis.

66. Plaintiff regularly worked more than forty (40) hours per week.

67. Defendant failed to pay Plaintiff for all time recorded on his timesheets.

68. Defendant failed to pay Plaintiff for all hours worked.

69. Defendant failed to pay Plaintiff straight time wages for hours worked up to forty (40) hours per week and overtime wages at a rate not less than time-and-a-half (1.5) of the regular rate of pay for hours worked in excess of forty (40) per week.

70. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

71. As a result of the foregoing, Plaintiff was illegally denied straight time and overtime wages, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid wages, liquidated damages, pre- and post- judgment interests and reasonable attorneys' fees and costs pursuant to NYLL.

## COUNT III
### Violations of the New York Labor Law
### **FAILURE TO PAY SPREAD OF HOURS PREMIUM 12 NYCRR § 146**
### **(Brought Individually)**

72. Plaintiff re-alleges and incorporates all previous paragraphs herein.

73. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

74. Plaintiff was entitled to spread of hours pay for each workday that the spread of hours exceeded ten.

75. Plaintiff regularly worked a spread of hours that exceeded ten and were never paid a spread of hours premium.

9

76. Defendant's failure to pay spread of hours pay was willful.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests an entry of an Order granting the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA overtime claims set forth herein (Count I);

b. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

c. Designating Plaintiff as the representative of the FLSA Collective in this action and undersigned counsel as Collective counsel for the same;

d. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e. Declaring Defendant's wage practices alleged herein violate NYLL §§ 650 *et seq.* and 190, *et seq.*, and 12 NYCRR § 142-1.1 *et seq.*, and 12 NYCRR § 146 *et seq.*;

f. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the statutes;

h. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

i. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: November 28, 2022

/s/ Nicholas Conlon
Nicholas Conlon
Jason T. Brown
Eric Sands*
**BROWN, LLC**
111 Town Square Pl Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) JTB-LAWS
nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com
eric.sands@jtblawgroup.com

*Application for Admission Pro Hac Vice Forthcoming

*Attorneys for Plaintiff*

11