

111 TOWN SQUARE PLACE, SUITE 400 JERSEY CITY, NJ 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

August 10, 2023

By ECF
Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

**JEFFREY ORR, individually, and on behalf of others similarly situated v. TRISTATE NOTE REPURCHASE GROUP LLC, d/b/a WINGATE BY WYNDHAM FISHKILL, Case No. 7:22-cv-10070-VB**

Dear Judge Briccetti:

Brown, LLC represents Plaintiff Jeffrey Orr in the above matter. We write with the consent of Defendant's counsel to request that the Court approve the Parties' Negotiated Settlement Agreement and Release (**Exhibit 1;** "Settlement Agreement") as fair and reasonable in light of the factors set forth in *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020), *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

**I.     Background**

This is an action for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law, §§ 650 *et seq.* and 190 *et seq.*, 12 NYCRR § 142-1.1 *et seq.*, and 12 NYCRR § 146, *et seq.* (collectively the "NYLL"). The case is styled as a collective action, but the Settlement Agreement is only between Plaintiff and Defendant, and does not provide for any payment to, or releases or any other obligations incurred by any other current or former employees of Defendant.

Plaintiff was employed by Defendant as an hourly-paid front desk worker and assistant manager at Wingate by Wyndham Fishkill in Fishkill, New York from approximately March 2018[1] to December 2022. Plaintiff alleges that he was not paid regular wages and overtime premium compensation for all hours worked in excess of forty (40) in a workweek, and that he was not paid spread of hours premium compensation for each workday that the spread of hours exceeded ten (10). Defendant denies that it violated the FLSA and NYLL, maintains that Plaintiff was properly compensated, and disputes the number of hours Plaintiff worked.

On November 1, 2022 Plaintiff filed a Chapter 7 petition for relief with the United States Bankruptcy Court, Southern District of New York. The bankruptcy action is styled as *In Re: Jeffrey Allan Orr*, Chapter 7, Case No. 22-35692 (CGM). On May 12, 2023, the Chapter 7 Trustee, Marianne O'Toole (the "Trustee") was authorized by the Bankruptcy Court to retain Brown, LLC as special counsel to the Trustee under 11 U.S.C. § 327(e).

To avoid motion practice and risky and expensive litigation, and to expedite resolution in the best interests of all Parties, the Parties, through counsel, engaged in a pre-discovery exchange of documents and mediation. The Parties mediated Plaintiff's claims on May 10, 2023 with Mediator Robert Kheel pursuant to Mediation Referral Order and reached an agreement to resolve the action in its entirety for a total of $55,000.00, to be distributed as follows:

- $12,000.00 to Plaintiff Jeffrey Orr;
- $23,581.22 to the Trustee; and
- $19,418.78 to Brown, LLC, consisting of $18,333.33 in attorneys' fees (1/3 of the total settlement amount) plus $1,085.45 in costs.

Had litigation proceeded, it is certain that attorneys' fees on both sides would have increased, but the Plaintiff himself may not have fared any better as his claims faced the risk of being found to be without merit. On the Bankruptcy Petition filed on November 1, 2022 and prior to the mediation, the Debtor asserted a bankruptcy exemption in the aggregate amount of $12,000 with respect to this FLSA case. In the event the Settlement is approved, the Trustee waives any potential objection with respect to Debtor's asserted exemption and Debtor Jeffrey Orr will receive the $12,000 as part of the proposed Settlement. Plaintiff's calculation of actual damages, assuming he was able to overcome Defendant's defense that Plaintiff was paid all compensation owed, was approximately $21,204.00 in regular wages, overtime wages and spread of hours compensation.[2]

---

[1] Plaintiff began working at the subject location in December 2014 while it was owned and operated by Fishkill Sai Hospitality, LLC d/b/a The Magnuson Hotel. Defendant took ownership of the property in March 2018 after foreclosure.

[2] Plaintiff's hourly rate while employed by Defendant was $13 per hour. Plaintiff calculated approximately $3,940.00 in regular wage damages, approximately $16,314.00 in overtime damages, approximately $950.00 in spread of hours compensation damages, amounting to $19.89 in regular wage damages per week, $82.34 in overtime damages per week, and $4.79 in spread of hours damages per week for the approximately 198 weeks of Plaintiff's employment with Defendant. Plaintiff alleges an equal amount of approximately $21,204.00 in liquidated damages.

Plaintiff's counsel prepared an estimation of damages based on a sample of time sheets and pay records. Defendant asserts Plaintiff was properly paid, and argues that the discrepancies between pay and time records are explainable through supplemental cash payments to Plaintiff that did not appear on pay stubs. The proposed settlement accounts for all of Plaintiff's calculation of actual damages, with a portion of liquidated damages, even accepting in full his own calculations and allegations.

Plaintiff's counsel, Brown, LLC, seeks approval of attorneys' fees in the amount of $18,333.33 (one-third of the gross settlement amount), which is less than the 40% fees agreement in the retainer agreement entered into by Plaintiff and Plaintiff's counsel, and the Settlement Agreement, and less than counsel's lodestar.

**II.     Legal Argument**

The Court should evaluate the fairness of the settlement by applying the factors set forth in *Fisher*, 948 F.3d at 600, *Cheeks*, 796 F.3d at 206-07, and *Wolinsky*, 900 F. Supp. 2d at 335-36:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36)); *see also Cortes v. Bronx Bar & Grill LLC*, 2019 U.S. Dist. LEXIS 205532, 2019 WL 6318430, at *1 (S.D.N.Y. Nov. 25, 2019); *Heiloo v. Fruitco Corp.*, 2019 U.S. Dist. LEXIS 185316, 2019 WL 5485205, at *1 (S.D.N.Y. Oct. 25, 2019).

The Parties' Settlement Agreement meets the criteria for approval. Plaintiff and the bankruptcy estate will receive a combined amount of $35,581.22, which exceeds Plaintiff's calculation of actual unpaid wages in the amount of approximately $23,143.00, despite facing significant risks including Defendant establishing that Plaintiff was properly compensated related to regular hours, overtime hours, and spread of hours premiums through supplemental cash payments in addition to Plaintiff's regular form of payment. Resolving these disputed fact issues through continued litigation would impose significant burdens and expenses on both Parties. The release of Plaintiff's and the Trustee's claims against Defendant is limited to wage-and-hour claims, and Defendant agrees to release Plaintiff and the Trustee from any and all claims relating to the matter of this lawsuit. Finally, the Settlement Agreement is the product of arm's length negotiations between experienced counsel with the assistance of a court-appointed mediator, did

---

Plaintiff calculated total damages (actual and liquidated damages) in the amount of approximately $42,408.00.

not involve any fraud or collusion, and does not contain confidentiality or non-disparagement clauses.

The proposed amounts of $18,333.33 in attorneys' fees (one-third of the total settlement amount) and $1,085.45 in costs are reasonable and supported by Plaintiff's Counsel's time and expense records and firm resume, which are filed herewith as **Exhibits 2-4**. As those records demonstrate, Plaintiff's counsel expended over 170 hours on this matter, resulting in a lodestar calculation of $41,692.50 in attorneys' fees. Plaintiff's counsel sent a pre-litigation demand letter to Defendant and explored potential pre-litigation resolution with Defendant for months before filing the Complaint. The Parties exchanged discovery requests and responses, Plaintiff's counsel analyzed records, calculated Plaintiff's damages, and consulted with Plaintiff and the Trustee, and the Parties ultimately agreed to settle Plaintiff's claims at mediation. Your Honor has approved attorneys' fees in the amount of one-third of the settlement amount in similar individual FLSA and NYLL settlements. *See Miro v. Deli*, 2021 U.S. Dist. LEXIS 204587, at *2 (S.D.N.Y. Oct. 22, 2021); *Cuesta v. Firstservice Residential N.Y., Inc.*, 2018 U.S. Dist. LEXIS 33871, at *2 (S.D.N.Y. Feb. 28, 2018); *Isidoro v. La Fonda Rest. & Tapas Bar Inc.*, 2020 U.S. Dist. LEXIS 155684, at *3 (S.D.N.Y. Aug. 26, 2020). Plaintiff and the Trustee agree that the proposed attorneys' fees are reasonable.[3]

Finally, the $1,805.45 in proposed costs will fairly reimburse counsel for the complaint filing fee (402.00), service of process costs ($150.00), Lexis and CourtLink charges for electronic research and accessing PACER documents ($130.50 and $175.15 respectively), the cost of the undersigned's motion to be admitted Pro Hac Vice ($200.00), the cost of mailing a pre-litigation demand letter to Defendant via FedEx ($10.80), and the anticipated cost of sending Plaintiff and the Trustee their settlement checks via US priority mail ($8.50 each). Such expenses are reasonable and regularly approved in FLSA settlements. *See e.g. Rosi v. Aclaris Therapeutics, Inc.*, No. 19-cv-7118 (LJL), 2021 U.S. Dist. LEXIS 236200, at *24 (S.D.N.Y. Dec. 9, 2021) (approving costs including $3,755.99 for computer research).

### III.  Conclusion

For the foregoing reasons, the Settlement Agreement should be approved as fair and reasonable and the Parties should be permitted to dismiss the action by stipulation pursuant to Fed. R. Civ. P. 41, in accordance with the Settlement Agreement.

We appreciate the Court's consideration of this request.

Respectfully submitted,

BROWN, LLC

/s Eric Sands
Eric Sands

---

[3] Defendant takes no position on the appropriateness of Plaintiff's counsel fee application.

Jason Brown
Nicholas Conlon
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Tel: (877) 561-0000
Fax: (855) 582-5297
eric.sands@jtblawgroup.com
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 10, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will cause electronic notification to be delivered to Defendants' counsel of record.

*/s/* Eric Sands
Eric Sands (*admitted pro hac vice*)